Wilde J.
delivered the opinion of the Court. We think it very clear that the instructions to the jury in this case were correct, and that the verdict is well sustained by the evidence.
It was proved that the notes sued were delivered by the promisee to his mother, indorsed in blank, and were after-wards delivered by her, so indorsed, to the plaintiff. This was good prima, facie evidence to support the present action. But the defendant relies on a receipt given for the notes by the plaintiff to his mother, and the Court was requested by the defendant’s counsel to instruct the jury, that by the legal construction of the receipt the plaintiff must be considered as having received the notes as agent of the mother, to collect in her name, and not as indorsee. The chief justice declined thus to instruct the jury, and, as we think, rightfully. The receipt was collateral to the contracts sued, and to which the defendant was not a party ; the rule, therefore, as to the construction of written contracts, and the exclusion of parol evidence in aid of the construction and to show the true meaning, of the parties, does not apply ; and indeed the receipt, independently of other circumstances and evidence, does not import that they were received to collect, and in her name. The case therefore was properly left to the jury upon the whole evidence.[1]

Judgment on the verdict.

 See Champlin v. Butler, 18 Johns. R. 169; Townshend v. Stangroom, 6 Vesey, 337.